PS 8
(Rev. 5/2020)

# UNITED STATES DISTRICT COURT
## for the
## EASTERN DISTRICT OF ARKANSAS

U.S.A. vs. Mujera Benjamin Lungaho　　　　　　　Docket No. 0860 4:20CR00288-1

**Petition for Summons for Person Under Pretrial Supervision**

　　　COMES NOW Jordan Riggs, U.S. PROBATION OFFICER, presenting an official report upon the conduct of defendant Mujera Benjamin Lungaho, who was placed under pretrial release supervision by the Honorable Patricia S. Harris sitting in the Court at Little Rock, Arkansas, on September 18, 2020, under the following conditions:

(1)　　The defendant must not violate federal, state, or local law while on release.

(2)　　The defendant must cooperate in the collection of a DNA sample if it is authorized by 42 U.S.C. § 14135a.

(3)　　The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4)　　The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

(5)　　The defendant must sign an Appearance Bond, if ordered.

(6)　　The defendant is placed in the custody of: Wanda Lungaho.

(7)　　The defendant must:
(a) submit to supervision and report for supervision to the U.S. Probation Office.
(b) continue or actively seek employment.
(g) avoid all contact, directly or indirectly, with any person who is or may become a victim or witness in the investigation or prosecution.
(k) not possess a firearm, destructive device, or other weapon.
(l) not use alcohol excessively.
(m) not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
(n) submit to testing for a prohibited substance if required by the pretrial services office or the supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of any prohibited substance screening or testing.
(o) participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer.
(p) participate in one of the following location restriction programs and comply with its requirements as directed.
　　　　☒　　(ii) **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or

> mental health treatment; attorney visits; court appearances, court-ordered obligations; or other activities approved in advance by the pretrial services office or supervising officer.

(q) submit to location monitoring as directed by the pretrial services office or supervising officer and comply with all of the program requirements and instructions provided. Ankle Monitor or Virtual Monitoring.

(r) report as soon as possible, to the pretrial services office or supervising officer, every contact with law enforcement personnel, including any arrests, questioning, or traffic stops.

(s) must maintain regular contact with your attorney no less than every two weeks.

(t) cell phone to be monitored.

(u) no messages to instigate criminal activity.

On October 28, 2020, the defendant entered a Not Guilty Plea before the Honorable Beth Deere, U.S. Magistrate Judge. At the hearing, the Court ordered the defendant could spend time in his yard and did not need to receive alerts for check-ins between the hours of 1:00 a.m. and 5:00 a.m. to allow for consistent sleep.

On February 10, 2021, a bond revocation hearing was held, and conditions of release were modified. The Court ordered the removal of virtual monitoring and instead ordered home detention with location monitoring by ankle. Also ordered, the defendant is to advise his officer of the substance and location of any speaking engagements, and order that the defendant may participate in such activities only if approved in advance by his officer. Additionally, the Court ordered the defendant to participate in mental health counseling.

On June 3, 2021, a motion was filed by the defense counsel for the defendant to attend a comedy show on June 4, 2021, at 11 p.m. On June 4, 2021, the request was denied by the Honorable Edie R. Ervin.

Jury trial is set for September 27, 2021, before the Honorable D. P. Marshall Jr., Chief U.S. District Judge.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

**Description of apparent violations:** On April 2 and 9, 2021, the defendant failed to attend individual integrated counseling at the Recovery Centers of Arkansas.

On April 20, June 28, and July 8, 2021, the defendant violated his conditions of bond when he failed to submit urine specimens.

On April 21, May 4, 12 and June 14, 2021, the defendant submitted urine specimens which tested and confirmed positive for the use of marijuana. Furthermore, an interpretation of results conducted by Abbott Toxicology Services and determined each positive urine specimen to be new use, not residual elimination.

On May 16, 2021, the defendant violated his condition of release when he returned to his residence late, at 2:23 a.m., without prior approval of his supervising officer. The defendant

was scheduled to return at 1:00 a.m. The defendant advised he was still at the approved show/employment and finishing up. Defendant failed to notify an officer of his late return.

On May 25, 2021, the pre-trial services officer was contacted by the phone monitoring company advising the defendant's phone was not showing activity. Contact with the defendant and he advised that he had switched phones. The defendant was previously directed to call his officer prior to switching phones. The defendant denied the claim and stated the officer never advised him of this expectation.

On June 4, 2021, the defendant went out of range at 9:41 p.m. without the permission of the officer and returned in range at 11:20 p.m. The defendant advised he had been at his residence since 8:30 p.m.

On June 5, 2021, the defendant went out of range at 9:59 a.m. without the permission of the officer and returned in range at 8:09 p.m. The defendant advised he had left for work.

On June 6, 2021, the defendant went out of range at 1:01 a.m. without the permission of the officer and returned in range at 1:34 a.m.

On June 9, 2021, the defendant went out of range at 7:18 p.m. without the permission of the officer and returned in range at 7:51 p.m.

On June 11, 2021, the defendant went out of range at 9:23 a.m. without the permission of the officer. The defendant did not have permission to leave until 10:30 a.m.

On June 12, 2021, the defendant went out of range at 9:42 a.m. without the permission of the officer. The defendant did not have permission to leave until 10:30 a.m.

On June 13, 2021, the defendant violated his conditions of pretrial supervision when he returned to his residence late at 5:50 p.m. without prior approval of his supervising officer. The defendant was scheduled to return home at 4:00 p.m. He advised his church service ran long.

On June 18, 2021, the defendant violated his conditions of pretrial supervision when he returned to his residence late at 8:16 p.m. without prior approval of his supervising officer. The defendant was scheduled to return home at 6:30 p.m. He advised he had to ride the bus home from work.

On June 22, 2021, the defendant violated his conditions of pretrial supervision when he returned to his residence late at 9:01 p.m. without prior approval of his supervising officer. The defendant was scheduled to return home at 8:30 p.m. He advised he had to ride the bus home from work.

On June 27, 2021, the defendant violated his conditions of pretrial supervision when he returned to his residence late at 7:31 p.m. without prior approval of his supervising officer. The defendant was scheduled to return home at 5:00 p.m. He advised he returned home late because his vehicle was broken down and he forgot to leave his keys with the tow truck driver.

On July 1, 2021, the defendant went out of range at 2:10 a.m. without prior approval from his supervising officer and returned in range at 5:51 a.m. He advised he went outside to smoke and take out the trash.

On July 3, 2021, the defendant violated his conditions of pretrial supervision when he returned home at 9:48 p.m. without prior approval of his supervising officer. The defendant was scheduled to return home at 9:30 p.m.

On July 4, 2021, the defendant went out of range at 6:03 p.m. without prior approval from his supervising officer. The defendant returned home at 7:00 p.m.

On July 7, 2021, the defendant violated his conditions of pretrial supervision when he returned to his residence late at 10:32 p.m. without prior approval of his supervising officer. The defendant was scheduled to return home at 9:30 p.m. He advised he had dropped his Air Pods down the street and was looking for them.

On July 9, 2021, the defendant violated his conditions of pretrial supervision when failed to return to his residence at 11:15 p.m. without prior approval of his supervising officer.

On July 10, 2021, the defendant violated his conditions of pretrial supervision when he consumed alcohol excessively, possessed marijuana, and drug paraphernalia, as evidenced by his arrest for Public Intoxication, Possession of a Controlled Substance VI Less Than 4 Ounces, and Drug Paraphernalia, as documented by North Little Rock, Arkansas, Police Department's incident report number 2021053326. The case is pending in Case No. NLCRC-21-1622 in the North Little Rock, Arkansas, District Court.

On July 11, 2021, the defendant went out of range at 7:05 p.m. without prior approval from his supervising officer. The defendant returned home at 11:43 p.m. He advised he was working the door at a charity event for his boss and Avis Car Rental.

**Description of prior violations:** The following violations were previously reported to the court: On September 18, 2020, the defendant was placed on home detention with virtual monitoring and modified at the revocation hearing to radio frequency on February 10, 2021.

The defendant violated his conditions of release by failing to submit urine specimens on September 23, October 7, 15 and 22, 2020.

On October 28 and November 2, 2020, the defendant submitted diluted urine specimens which tested and confirmed positive for the use of marijuana.

The defendant violated his conditions of release when he failed to complete a biometric check-in on time with virtual monitoring on the following dates and times:

September:  20 (3:15 p.m.), 25 (2:49 a.m.), 28 (2:49 a.m. and 8:40 a.m.), and 29 (11:53 a.m.), 2020.

October: 2 (8:20 a.m.), 10 (6:13 p.m.), 12 (9:31 a.m.), 13 (5:12 a.m. and 2:36 p.m.), 14 (10:13 p.m.), 16 (2:31 p.m.), 17 (9:13 a.m.), 21 (7:52 a.m. and 6:18 p.m.), 24 (5:40 p.m.), 26 (11:02 a.m.) and 27 (9:24 a.m.), 2020.

November: 8 (5:24 p.m.), 10 (9:28 p.m.), 14 (10:01 a.m.), 15 (3:35 p.m.), 18 (6:09 a.m.), 20 (6:01 a.m.), 21 (8:01 a.m.) and 28 (6:59 a.m.), 2020.

December: 1 (9:09 a.m. and 6:57 p.m.), 13 (10:25 a.m.), 14 (6:13 a.m.), 18 (10:50 p.m.), 25 (8:41 a.m. and 1:20 p.m.), 26 (6:45 a.m.), 27 (10:06 a.m.) and 28 (9:50 p.m.), 2020.

January: 4 (9:30 a.m.), 5 (10:00 a.m.), 6 (8:41 a.m.), 7 (7:41 a.m. and 5:07 p.m.), 10 (3:50 p.m.), 11 (9:13 p.m.), 12 (9:20 a.m. and 10:54 p.m.), 17 (3:35 p.m.), 21 (7:50 a.m. and 8:01), 28 (8:04) and 31 (10:19 p.m.), 2021.

The defendant violated his conditions of release by failing to submit urine specimens on November 13, 19, December 3, 14, 17, 21, 28, 2020; January 4, 11, 14, 21, 25 and 28, 2021.

On November 16, December 7 and 10, 2020, the defendant submitted urine specimens which tested and confirmed positive for the use of marijuana.

The defendant failed to attend individual substance abuse counseling at the Recovery Centers of Arkansas, on November 23, December 8 and 22, 2020; and January 5, 12 and 19, 2021.

On January 20, 2021, the defendant was unsuccessfully discharged from Recovery Centers of Arkansas substance abuse treatment due to multiple failures to attend.

On February 1, 2021, the defendant submitted a urine specimen which tested and confirmed positive for the use of marijuana.

On February 3, 2021, the defendant submitted a diluted urine specimen which tested and confirmed positive for the use of marijuana.

The defendant violated his conditions of release by failing to submit urine specimens on February 23, March 1 and 4, 2021.

On February 25, 2021, the defendant submitted a urine specimen which tested and confirmed positive for the use of marijuana.

On February 27, 2021, the defendant went out of range at 7:50 a.m. without permission of the probation officer and returned in range at 11:47 a.m. Defendant advised he left for work. Defendant failed to provide his schedule prior to leaving.

On March 12, 2021, the defendant returned to his residence late, at 6:44 p.m., without prior approval of his supervising officer. Defendant was scheduled to return at 6:00 p.m. Defendant advised he had to work late and did not provide notice prior to returning late.

The defendant failed to attend individual mental health counseling at the Recovery Centers of Arkansas, on April 2 and 9, 2021.

On April 9, 2021, the defendant submitted a urine specimen which tested and confirmed positive for the use of marijuana. Defendant denies knowing how he would be positive on this date. Defendant stated he possibly could have eaten a THC edible by accident. Defendant stated he used to sell THC edibles prior to starting supervision.

**Actions taken to bring the defendant into compliance were as follows:** The defendant was reinstructed on conditions of release. On February 23, 2021, the defendant's location monitoring technology was switched from virtual monitoring to radio frequency. The defendant continues to submit his weekly location monitoring itinerary/schedules, Monday morning of that current week. The defendant has been requested numerous times to provide the schedule earlier but continues to struggle with submitting schedules on time. The defendant was reinstructed to communicate with his officer and return calls. Since a conversation regarding phone contacts on April 27, 2021, the defendant has shown improvement in communication. The phone monitoring software was updated and reinstalled on June 3, 2021.

**Defendant's compliance with release conditions:** A record check revealed no new charges.

**OFFICER'S RECOMMENDATION:**

It is respectfully requested that a summons be issued, and the defendant appear for a show-cause hearing to determine if bond should be revoked.

I declare under penalty of perjury that the foregoing is true and correct.

The U.S. Attorney's Office submits this petition to be filed with Criminal Docketing as a motion.

_____
Jordan J. Riggs
U.S. Probation Officer

Executed on   July 14, 2021

_____
Stacy Williams
Assistant U.S. Attorney

Executed on   7/14/21

Approved by:

_____
Acting Supervising U.S. Probation Officer

c:  The Honorable D. P. Marshall Jr., Chief U.S. District Judge
    The Honorable Edie R. Ervin, U.S. Magistrate Judge